1830.

Decker
v.
Miller.

---

### DECKER and TYSON vs. MILLER.

An executor who is a debtor to the estate is chargeable with the amount of the debt due by him, as assets in his hands for the payment of the debts of the testator.

An executor is entitled, out of the assets in his hands, to retain a debt due him by the testator, in preference to other creditors of the same degree.

He is also entitled to the same preference in applying the assets in the hands of his co-executor to the satisfaction of his debt.

1830.

Decker
v.
Miller.

An executor who is indebted to the estate may refuse to pay, out of such debt, a demand claimed against the estate by his co-executor, until he is satisfied that the other assets are insufficient to discharge such demand of his co-executor.

Where such executor has a right to ask the aid and protection of the court in paying over the debt due by him to the testator, he will be entitled to his costs out of the fund.

So if the executor who was the creditor of the estate had a right of preference over other creditors, and was compelled to come into chancery to obtain such preference, his costs will be paid out of the fund.

April 6th.

THIS was a bill filed by two of the executors of Abraham Egbert against their co-executor, to compel the payment of two bonds given by the defendant to the testator; which payment the complainants alleged was necessary to satisfy the debts of the testator, and particularly a bond given to Decker, one of the complainants, as to which Decker claimed a priority of payment. The cause was heard on pleadings and proofs before Chancellor Jones, who directed an account of the debts, credits and effects of the testator to be taken; the particulars of which decree are stated in the opinion of the present chancellor. The cause now came on again to be heard on the master's report and upon the equity reserved.

*J. Radcliff*, for the complainants.

*J. Wallis*, for the defendant.

THE CHANCELLOR. It appears from the papers before me, and from the opinion of the late chancellor, that much discord and contention has existed between the executors in relation to the settlement of this estate. It is not necessary now to inquire which of the parties is most to blame in relation to those difficulties, as the decision of the late chancellor makes it proper that the costs of both parties should be paid out of the estate. The complainant Decker was a bond creditor of the estate; and the testator was also indebted to other creditors by specialty. Miller, one of the co-executors, was indebted to the estate, and of course had assets in his hands for the payment of debts. The late chancellor decided that one of the bond debts claimed against Miller was not due from him, and that the other was assets in his hands

for the payment of debts; that Decker was entitled as executor to retain his debt in preference to the other specialty creditors of the testator; and that he was entitled to have the assets in the defendant's hands applied to satisfy such retainer for his own debt. He also decided that the defendant was not bound to pay over those assets to his co-executor, unless he was satisfied the same were required to pay the debt due to him; and that the differences subsisting between these executors, and the causes which the co-executors had given for dissatisfaction, were grounds for the defendant to require the direction and protection of this court in the discharge of his duty as executor.

If the defendant had a right to have the aid and protection of this court to enable him to pay over this debt with safety it is a matter of course to allow him his costs out of the fund. As Decker had a right of preference, and was compelled to come here to obtain it, his costs must also be paid. Tyson. was a necessary party to the suit; and the costs have been diminished rather than increased by making him a complainant instead of a defendant. In this case I think he might be brought before the court either as complainant or defendant. And the late chancellor has in effect so decided, by refusing to dismiss the bill.

I find some difficulty in ascertaining precisely what the rights of the parties are, in relation to the fund, from the incorrect manner in which the report has been made. The master was directed to take the accounts of the estate; but instead of doing that, and ascertaining what was due to and from each executor, he has simply reported a statement of facts which were not called for by the order of reference; and which are not sufficient to enable the court to see what is right between the parties without looking beyond the report. The parties should have excepted to the report, or have applied for a special order directing the master to execute the decree of reference, and to state the accounts as directed by that decree. In the situation in which the cause comes before me, I can only settle the principles on which the account should be stated, leaving the parties to settle the several amounts and insert them in the decree, if they can ascer-

tain them by computation from the facts stated and admitted by the pleadings and in the master's report.

The amount of property bid off by Corson should have been applied to the satisfaction of Decker's bond, as the legacy could not be paid till all the debts were satisfied; and the same principle applies to the property which the widow was permitted to take. All the executors appear to have been in the wrong in relation to these sums, and each must be charged with one third of the loss, and with interest from the time of the sale. They must also be charged with the sums received by them respectively from other sources, and for the property bid in by them at the sale, and with interest thereon. They must also be allowed for all sums paid out in a due course of administration, with interest and commissions. And the defendant Miller must be charged the amount of his bond, and interest thereon until the time when the money was paid into court; and Decker must be credited the amount of his bond and interest. When the balance due to or from each is ascertained, Miller must pay the balance of any which is due from him, after deducting his costs; and if he has overpaid, he must be allowed the amount out of the fund in court. The balance due from Tyson must be applied in satisfaction of the complainant's costs, and the residue of those costs, together with the balance due to Decker, must be paid out of the fund in court; and if any more of that fund remains, it must be paid to the other bond creditors rateably.

If the parties cannot ascertain these amounts, it must be referred to master B. Clark to state the accounts, upon the pleadings and proofs and the evidence taken before the former master. But in that case neither party is to be at liberty to charge the costs of this new reference against the estate, as they should have had the accounts taken correctly in the first instance.