Wurts v. Jenkins.

------◆------

WURTS and JENKINS, executors, &c. *vs.* JENKINS.

An action may be maintained by executors against their co-executor, to compel him to pay a debt he owes the estate, and which is necessary to pay a sum decreed by the surrogate to be due from the estate to the plaintiffs for moneys paid by them on account of the estate.

The surrogate's decree, upon a final accounting of the executors, is no bar to such an action, where it appears that the defendant had never rendered an account of the debt due from him to the estate, and the same was not embraced in the proceedings upon the final accounting.

DEMURRER. The plaintiffs alledged that James Jenkins, late of New Paltz, in the county of Ulster, died in January, 1845, having previously made and published his last will and testament, wherein he appointed the plaintiffs and the defendant executors; that the will was proved, and all the executors took upon themselves the burden of its execution; that an inventory was filed on the 12th of June, 1845; that the defendant was indebted to the testator, at the time of his death, in the sum of

Wurts *v.* Jenkins.

$1345, upon an account for goods, &c. which had not since been paid; that this debt was not included in the inventory, the plaintiffs having no knowledge thereof, and the defendant falsely and fraudulently withholding the same from their knowledge and from the inventory; that a final accounting had been had before the surrogate of Ulster, and the sum of $1672,19 was decreed to be due from the estate to the executors, for moneys paid by them on account of the estate; that the whole of this amount was paid by the plaintiffs and was yet due to them; that the defendant had never paid the amount due from him or rendered any account of it as a debt due the estate, and had refused to render any account of it, or to pay it, and still refused. The plaintiffs prayed that the defendant might be decreed to pay the amount he thus owed the estate.

The defendant demurred to the complaint upon the grounds, 1. That the plaintiffs had not legal capacity to sue, being co-executors with the defendant; 2. That the plaintiffs had not stated facts sufficient to constitute a cause of action or to entitle them to relief; and 3. That the plaintiffs were not the proper parties to demand the relief sought.

*E. Cooke,* for the plaintiffs.

*J. Hardenburgh,* for the defendant.

*By the Court,* HARRIS, J. Two questions are presented by this demurrer; first, whether one executor may maintain an action against his co-executor; and second, whether the surrogate's decree upon the final accounting is a bar to such an action. The first question has been determined against the defendant in *Smith* v. *Lawrence,* cited by his counsel upon the argument. (11 *Paige,* 206.) In that case, a surrogate had dismissed an application made by one executor against his co-executor for an account. Upon appeal the chancellor reversed the decision. " A court of equity," he says, " from its peculiar mode of administering justice, can settle the questions as to the fact of indebtedness, and as to the amount due from one of the executors to

the estate, of which both are trustees, whenever the decision of those questions becomes necessary, without changing the possession of the fund; and when the amount of such indebtedness is ascertained, the court may make such disposition of the fund as justice and equity shall then require." He then proceeds to say, that he can see no valid objection to a similar proceeding before the surrogate, where the object is the same.

*Decker* v. *Miller*, (2 *Paige*, 149,) was, like this, a bill filed by two executors against their co-executor, to compel him to pay a debt he owed the estate, which was necessary to satisfy a debt due to one of the plaintiffs. It was held that the debt which the defendant owed the estate was assets in his hands for the payment of debts, and that the plaintiff having a debt against the estate, was entitled to have such assets applied to its satisfaction.

It is scarcely necessary to say that this court is vested with the same jurisdiction which the late court of chancery possessed, and that since the distinction between proceedings at law and in equity has been abolished, an action may be maintained in any case in which, under the former practice, either a suit at law or a bill in equity might have been maintained.

The defendant's counsel is also mistaken as to the effect of the final accounting. The statute, in express terms, limits the effect of the surrogate's decree to the matters embraced in the account. It furnishes no evidence in respect to any matter not appearing upon the face of the account. (2 *R. S.* 94, § 65.) Here, it is alledged that the defendant has never, in any manner, rendered an account of the debt as due from him to the estate. If this be so, he can not set up the decree upon the final accounting as a bar to his liability. The plaintiffs are, therefore, entitled to judgment upon the demurrer, but the defendant may have liberty to answer upon the payment of costs.

[ALBANY GENERAL TERM, September 1, 1851. *Harris, Watson* and *Wright,* Justices.]