# MERRIMACK.

## DECEMBER TERM, 1859.

30   163
67   528

## PERKINS v. PERKINS.

Every man is presumed to be of sane mind until the contrary is proved.

In the proof of a will, the presumption of sanity is sufficient to support the will, till some evidence to the contrary is offered.

If the attesting witnesses, who must necessarily be called to prove the execution of it, if they are living and within reach of process, do not impeach the testator's sanity; or if, being absent or dead, their hand-writing only is proved, the will must be established, unless proof of insanity is offered by the party opposing the probate.

APPEAL from the decision of the judge of probate for this county, disallowing the will of Stephen Perkins, late of Chichester, deceased.

The following issues were joined:

1. That the testator, at the time of making the instrument offered for probate as his last will and testament, was not of sound and disposing mind and memory.

2. That the execution of said instrument was obtained by undue influence, exerted and operating on the mind of the testator.

Upon the trial before the jury, the due execution of the testator's will having been proved by the subscribing witnesses thereto, one of whom testified, upon direct examination, that in his opinion the testator at the time of the execution of said will was of sound and disposing mind and memory, and the other two testifying, upon cross ex-

amination, that in their opinion he was not, the appellee requested the court to charge the jury that there was no presumption in favor of the sanity or soundness of mind of the testator at the time of the execution of the will, but that the burden of proof was upon the party endeavoring to establish the will, to prove affirmatively such sanity or soundness in the first instance.

The court declined so to instruct the jury, but did instruct them that every person shown to have executed a will, with all the requisite formalities, was presumed to be of sound mind until the contrary appeared, and that the burden of proof was with the party objecting to the will, and alleging insanity or unsoundness of mind, to show it.

The jury having returned a verdict sustaining the will upon both issues, the appellee moved that the same be set aside for alleged error in the court in declining to give the instructions requested, and in giving those before stated in lieu thereof.

*George & Foster*, for the appellee.

In this court, sitting as the Supreme Court of Probate, the same rules of law, evidence and practice, are to be regarded that control the proceedings of the inferior court. *Buckingham* v. *Perry*, 4 Mass. 493. Here, as in that court, the party seeking to establish a will must show that the supposed testator, at the time of the execution of the instrument, possessed all the requisite legal capacities for making a will prescribed by sections 1 and 6, of chapter 160, Comp. Stat. Soundness of mind is a statute requirement, as much as full age, or three attesting witnesses. All these capacities and requirements are of the nature of conditions precedent; and, therefore, sanity is not, as in the case of the execution of a deed or other contract, to be presumed, but must be proved affirmatively. *Gerrish* v. *Nason*, 22 Maine 441; *Cilley* v. *Cilley*, 34 Maine 162; *Comstock* v. *Hadlyme*, 8 Conn. 261.

Perkins *v.* Perkins.

In this case, a reference to the pleadings will show that the executor, according to the rule and precedent, has affirmed the testator's sanity. The burden of proof is always with him who takes the affirmative side of the question. 1 Stark. Ev. 376 ; *Phelps* v. *Hartwell,* 1 Mass. 73 ; *Barry* v. *Butler,* 1 Curt. Eccl. R. 638 ; *Crowningshield* v. *Crowningshield,* 2 Gray 524.

In accordance with this rule is the uniform practice of courts in the probate of wills. Chase's Pr. Dir. 84 (ed. 1845) ; *Pettis* v. *Bingham,* 10 N. H. 514 ; *Brooks* v. *Barrett,* 1 Pick. 94. In equity, the capacity of the testator must be proved ; and at law the burden is on the devisee to show the testator of sound mind. The burden is not discharged by proof of the execution of the will, nor by the evidence of sanity coming from the attesting witnesses ; but the issue throughout the trial is one. It is an issue of fact for the jury. The affirmative is with the executor to the end of the trial, and the burden of proof does not shift.

The views of *Thomas,* J., in the case of *Crowningshield* v. *Crowningshield,* before cited, are distinguished by sound sense. An examination of the case of *Pettis* v. *Bingham* will show that is not an authority in support of the proposition maintained by the appellant. This question was not raised there. The question was of the effect of the special verdict. The statute evidence was offered. Upon the evidence before the jury the testator was sane. Where there is ample proof there is no presumption. The question here has not been deliberately settled by the courts of this State.

*Flint & Bryant,* for the appellant.

The court, on the trial, held that there is a general presumption that every person is of sane mind, and that whoever alleges the contrary of any one, must prove it.

The speculations of *Thomas,* J., in *Crowningshield* v. *Crowningshield,* 2 Gray 90, are more ingenious than sound.

All that was decided in that case is, that a person under guardianship, by a decree of the judge of probate, as an insane person, was not presumed to be sane without proof. The decree of the judge of probate removed the general presumption of sanity. Is there, and should there be, a general presumption of sanity in favor of every person, till the contrary is shown ? is the question. In Bacon's Abridgement, Idiots and Lunatics, F, · this principle is thus stated: " Every person, making a will, is presumed to be of sound understanding until the contrary be proved ; so that the *onus probandi* lies on the other side." In 6 Cruise's Digest 14, 15, the same rule is stated, in the same language. In *Attorney-General* v. *Parnther,* 3 Bro. Ch. 443, it is said: " If derangement be alleged, it is clearly incumbent on the party alleging it to prove such derangement." Chancellor *Kent* says: "The general rule is, that sanity is to be presumed until the contrary is proved." 2 Kent's Com. 451. Professor *Greenleaf* states the rule to be : " Every man is presumed to be of sane mind until the contrary is shown." 1 Gr. Ev., sec. 42. In *Jackson* v. *Van Dusen,* 5 Johns. 158, the court say : " In all cases where the act of a party is sought to be avoided on the ground of his mental imbecility, the proof of the fact lies upon him who alleges it; and, until the contrary appears, sanity is to be presumed. This rule of law is recognized by all the elementary writers on the subject; and in all the adjudged cases which I have met with, both in law and equity, the court, in their reasoning and opinions, seem to take it for granted." See, also, *Brooks* v. *Barrett,* 7 Pick. 94; *Stevens* v. *Vancleve,* 4 Wash. C. C. 262. In *Baxter* v. *Abbott,* 7 Gray 72, 74 and 83, and in *Commonwealth* v. *Eddy,* 7 Gray 583, 584, this general rule is recognized. In the latter the court say : " It is a presumption of law that all men are of sane mind, and that presumption sustains the burden of proof, unless it is rebutted and overcome by satisfactory evidence to the contrary." *Pettis*

Perkins *v.* Perkins.

v. *Bingham*, 10 N.. H. 514, is sustained by an almost uniform current of authorities. In it, *Parker*, C. J., says: "It seems to be well settled that every man is presumed to be sane until there is some evidence shown to rebut that presumption. The burden of proof was on the appellants, to show that the testator was not sane." It makes no difference which side has the affirmative of the issue. *Emerson* v. *White*, 29 N. H. 492.

BELL, C. J. The question presented by this case was considered by the Superior Court about twenty years since, in the case of *Pettis* v. *Bingham*, 10 N. H. 514; and so long as the decision then made stands unreversed, it is to be regarded as the law of this State. We are not precluded, however, from reëxamining such a question where serious doubts are entertained of the correctness of the decision, and the ingenious argument and extended examination of authorities by the counsel for the defendant would properly lead to such reëxamination, if we entertained any doubt upon the point;—but that decision approves itself to our judgment.

The object of the proceeding is to prove the due execution of a written instrument. In most cases such proof is offered in order to the admission of the instrument in evidence, but in the case of the proof of a will, the evidence is offered to lay the foundation of a decree that the will has been proved, which may supersede the necessity of proving it again. The substance of the proof is the same in both cases. The instrument itself must be produced, unless, in a few excepted cases, where secondary evidence is admitted; and the attesting witnesses must be produced and examined, if they are living and within reach of the process of the court. They are to be produced by the party who offers the instrument in evidence, or who seeks a decree that it has been proved.

The witness usually testifies that he was present, and

saw the grantor sign, seal and deliver the instrument, or the like, and there, ordinarily, the proof closes. It is not required that the witness should be asked if the party was of sound mind, or that he was free from intoxication, duress, or any of the disabilities which invalidate the execution of a deed. The usual formal proof being offered, the law comes in with its presumption that the party is sane, and free from disability; that the instrument was properly read, and the like; and this presumption stands until evidence is offered tending to raise a different belief. Being presumptions of fact only, they are open to be repelled by proof of the contrary. Evidence being introduced, the issue is to be determined by the preponderance of the whole evidence, as in other cases, though the party offering the proof of execution continues to have the legal presumption of sanity and capacity in his favor till the end.

Though ordinarily no question need be asked of the witness who testifies to the execution of an instrument, relative to the capacity of the grantor, yet, owing to the nature of the proceedings in the case of wills, that the probate of the will is the foundation of the grant of power to the executor to take possession of the estate and the charge of administration, it is, in that case, the long settled practice of courts of probate to require that the witnesses to wills should be examined as to the fact of the sanity of the testator, before the will is established. Its object is, that if it appears that there is either doubt or suspicion on the question, that doubt may be removed before the estate is placed in the hands of a man who may prove to have no title to it. This practice is equally binding as the law in such cases, upon the Supreme Court, as on the ordinary courts of probate.

The attesting witnesses being produced and examined, it is not essential that they should sustain the legal presumption of sanity. They may all deny the sanity of a

testator, and yet, if the proof of a sound condition of mind is shown by the whole evidence, the will must be established. *LeBulon* v. *Fletcher*, 2 Hagg 558; *Lowe* v. *Jolliffe*, 1 W. Bl. 365; *Austin* v. *Willis*, Bull. N. P. 264; *Pike* v. *Badmering*, 2 Str. 1096; 1 Wms. Ex'rs 290, note; 2 Cow. & Hill, note 392; *Butler* v. *Benson*, 1 Barb. 533; *Jauncey* v. *Thorne*, 2 Barb. Ch. 40; *Whitaker* v. *Salisbury*, 15 Pick. 544; *Peebles* v. *Case*, 2 Bradf. 226; *Howard's Will*, 5 Mon. 199.

That every man is presumed to be sane, is abundantly proved by the authorities cited for the appellant, to which may be added *The People* v. *McCann*, 16 N. Y. 58; *McNaughten's Case*, 10 C. & F. 200; *Dean* v. *Dean's Heirs*, 27 Vt. 746; *Zimmerman* v. *Zimmerman*, 23 Penn. St. 375; *United States* v. *McGare*, 1 Curt. C. C. 1; *The People* v. *Robinson*, 1 Parker C. R. 649; Shelf. on Lun. 36; *Achy* v. *Stevens*, 8 Ind. 411; *Menkins* v. *Lightner*, 18 Ill. 282; *Hawkins* v. *Grimes*, 13 B. Mon. 257.

That the rule of law, requiring that the attesting witnesses to a will shall be examined in relation to the sanity of the testator, is not founded on the absence of a presumption that the testator is sane, nor on a necessity that the propounder of the will should offer further evidence of the fact of the testator's sanity, is, we think, apparent from the state of the law as to cases, where, from their death, or absence from the jurisdiction, the witnesses cannot be produced, or where, from loss of recollection, they are unable to testify. As to these cases, it is held that proof of the hand-writing of the witnesses, and, in some jurisdictions, of the hand-writing of the testator, is competent proof to be submitted to the jury of the due execution of the will. *Hands* v. *James*, 2 Comy. 530; *Craft* v. *Powlett*, 2 Str. 1109; *Brice* v. *Smith*, Willes 1; *Roucliffe* v. *Parkyns*, 6 Dow 202; 3 Phill. Ev., Appx., 451; *Jackson* v. *Luquiere*, 6 Cow. 224; *Butler* v. *Benson*, 1 Barb. 538; *Scribner* v. *Crane*, 2 Paige 149; *Brinkerhoff* v. *Remsen*, 8

Paige 499; *Chaffee* v. *Bap. Miss. Con.*, 10 Paine 91; *Jauncey* v. *Thorn*, 2 Barb. Ch. 40; *Vernon* v. *Kirk*, 30 Penn. St. 218; *Verdin* v. *Verdin*, 8 Rich. S. C. 38; *Fry's Will*, 2 R. I. 88; *Sampson* v. *Bradley*; 1 McCord 74; *Pearson* v. *Wightman*, 1 Rep. Con. Ct. 336.

In such cases there can of course be no examination of the witnesses as to the sanity of the testator, and it is no where laid down that the party is under any obligation to produce any other evidence upon that point, except the testimony of the attesting witnesses.

From the rule of law thus stated, we think that, although the subscribing witnesses, if they can be produced, must be examined in relation to the soundness of the testator's mind, yet the party propounding a will for probate is under no general duty to offer any evidence of the testator's sanity, but may safely rely upon the presumption of the law that all men are sane until some evidence to the contrary is offered.

If the attesting witnesses answer unfavorably or doubtfully upon this point, so that it may be doubtful whether a jury will not consider the evidence as outweighing the presumption, he puts at hazard his verdict, if he does not introduce further evidence.

If, as in the case where the attesting witnesses cannot be had, there is no evidence on the subject; or if the witnesses have no knowledge or no recollection upon the subject; or if their testimony on the whole does not impeach the capacity of the testator; or if their unfavorable evidence is entirely overbalanced by other proof offered by the party setting up the will—the party opposing the probate is driven to the necessity of introducing evidence to disprove the fact of sanity, (or, as it is more usually expressed, to take upon himself the burden of proving the insanity; for there is no mode of disproving sanity but by proof of insanity;) when he has introduced such evidence sufficient to outweigh the proof of the adverse

Perkins *v.* Perkins.

party, if he offered any, or to outweigh the legal presumption, if he relies on that, the executor must take upon himself the task of proving the fact of sanity by disproving the alleged insanity.

It is, therefore, proper to say that the burden of proving the sanity of the testator, and all the other requirements of the law to make a valid will, is upon the party who asserts its validity. This burden remains upon him till the close of the trial, though he need introduce no proof upon this point until something appears to the contrary.

In some sense it is not improper to say that the burden of proving the insanity of the testator is on the party opposing the will. If he relies on that fact, he must, of course, lay evidence before the jury sufficient to outweigh the presumption of law and the proof on the other side, and to convince the jury, or he must have a verdict against him.

This question has been discussed elsewhere with much diligence and keenness, but it is, after all, a question merely verbal; a question of the propriety of certain forms of expression; for we apprehend that whatever may be the terms used, the course of practice is every where the same.

*Judgment on the verdict.*