James McGregor, Jr., Executor, &c., of James McGregor, deceased, *v.* Duncan McGregor and others.

A suit to foreclose a mortgage, commenced by a testator, in his lifetime, against the mortgagor, who is appointed one of the executors of his will, and which suit was pending at the death of the testator, does not abate by his death, but survives to his personal representatives.

When the mortgagor, being appointed one of the executors of the will, accepts the trust, and qualifies, his co-executor, having accepted and qualified, may proceed to revive the suit against the mortgagor-co-executor, upon the principle that one co-executor may maintain an action in equity against another co-executor, to compel the payment of a debt owing by him to the estate.

This was a proceeding, by supplemental complaint, to revive or continue an action originally brought in the name of James McGregor, now deceased. The supplemental complaint showed that, on the 14th of September, 1852, James McGregor, deceased, commenced an action to foreclose a mortgage executed to him by the defendant, Duncan McGregor. The other defendants were junior incumbrancers. Duncan McGregor answered, denying the equity. None of the other defendants answered. The summons was personally served on all the defendants in the life of James. On the 9th of February, 1853, James died, leaving a will, by which he appointed the plaintiff and the defendant, Duncan McGregor, his executors, which will has been proved, and letters testamentary thereon were issued to the plaintiff and Duncan on the 20th of December, 1864, and they have qualified. The mortgage is alleged to be still in force, and the issue in the foreclosure action was pending untried at James's death. On the 4th of January, 1865, the plaintiff, as executor, demanded payment of the mortgage from Duncan, who refused, and thereupon this action was commenced.

The defendant, Duncan McGregor, demurred to the complaint, for a defect of parties, alleging that he should be joined as plaintiff, and as defendant in his representative capacity; that the complaint does not state facts sufficient to constitute a cause of action, nor sufficient to constitute a cause for the revival or continuance of the action mentioned in the

complaint, and that no leave to file the supplemental complaint was obtained.

The Special Term overruled the demurrer, and the General Term affirmed the judgment entered upon the order. From the last named judgment, the defendant has appealed to this court.

*M. I. Townsend,* for the plaintiff.

*G. Stow* and *S. Brown,* for the defendants.

WRIGHT, J. In September, 1852, James McGregor commenced an action against Duncan McGregor and others for the foreclosure of a mortgage, executed to him by Duncan, upon which mortgage there was alleged to be due and unpaid the sum of $4,000, and interest on that sum from the 1st of May, 1847. The defendants, other than the mortgagor, were made parties, as junior incumbrancers. Duncan McGregor, the debtor and mortgagor, answered in the action, denying the equity of the complaint therein; and the other defendants (though personally served with the summons) neither answered, demurred, nor appeared. On the 9th of February, 1853, James McGregor, the plaintiff in the foreclosure suit, died, leaving a will, in and by which he appointed James McGregor, Jr., and Duncan McGregor, executors. After a contest in respect to the will, it was duly admitted to probate, and in December, 1864, letters testamentary were issued to both James and Duncan, and they qualified. The issue in the foreclosure action was pending untried at James McGregor's death, and the mortgage is still in force. On the 4th of January, 1865, James McGregor, Jr., as executor, demanded of Duncan McGregor that he pay the amount claimed to be due on the mortgage, which the latter refused to do. Soon afterward, James McGregor, Jr., as executor, instituted an action, by supplemental complaint, to revive and continue the foreclosure suit. The supplemental complaint alleged and set forth the facts as before stated; and asked judgment that the action be revived and continued by and in his name as executor of James McGregor, deceased. Duncan McGregor appeared and demurred to the supplemental complaint, upon the grounds: 1. That there was a defect of parties

plaintiff; that the plaintiff could not proceed in the action alone, without joining his co-executor with him as a party plaintiff. 2. That Duncan McGregor, executor, is not a party plaintiff or defendant. 3. That the complaint does not state facts sufficient to constitute a cause of action, or to justify a revival or continuance of the original action. The demurrer was overruled, and, from the judgment affirming the order and judgment overruling the demurrer, Duncan McGregor has appealed.

I think the judgment should be affirmed. There is no force in the point that the original action abated by the death of James McGregor, even were it conceded that the question was raised by the demurrer. The Code provides that no action shall abate by the death of a party, if the cause of action survive or continue. (Code, § 121.) The cause of action was the non-payment, at maturity, of a debt due from Duncan McGregor to James McGregor, secured by a mortgage upon real estate. This cause of action survived against the debtor and mortgagor. As against Duncan McGregor, individually, no question could be raised. But James McGregor died during the pendency of the action, leaving a will, by which he appointed Duncan one of his executors, which trust he accepted; and it is insisted that the appointment and acceptance effected an abatement of the original action. It is very clear that the fact that the plaintiff in the foreclosure suit died during its pendency, leaving a will, by and in which he appointed the mortgage debtor one of the executors of his estate, and the latter chose to accept the trust, cannot have the effect of abating such suit. Had Duncan McGregor refused to accept the trust, it cannot be pretended that any such result would follow; and the question, whether the action against him abated, cannot depend on his acceptance or non-acceptance of the office of joint trustee of the estate of the original plaintiff.

The only question really involved is, whether one executor may sustain an action in a court of equity against a co-executor, to compel payment of a debt, owing by the latter to the testator? If he can, then the plaintiff's action to continue

the former action is properly brought. That such an action may be maintained in a court of equity, is abundantly established by authority. (*Decker* v. *Miller*, 2 Paige, 150; *Smith* v. *Lawrence*, 11 id., 206; *Wurts and Jenkins, Ex'rs*, v. *Jenkins*, 11 Barb., 546.) In *Smith* v. *Lawrence*, the chancellor said.: "In the common law courts, one executor or administrator cannot bring a suit against his co-executor or co-administrator, to recover a debt which was due from the latter to the testator or intestate. For each has the same right to the possession of the fund, which belongs to both, as the representatives of the estate of which they are joint trustees. And the effect of a common law judgment in favor of one against the other would be, to give to the former the right to issue an execution, and transfer the whole fund to his own exclusive possession. A court of equity, however, from its peculiar mode of administering justice, can settle the questions as to the fact of indebtedness, and as to the amount due from one of the executors of the estate of which both are trustees, whenever the decision of these questions becomes necessary, without changing the possession of the fund. And when the amount of such indebtedness is ascertained, the court may make such disposition of the fund as justice and equity may then require." If the jurisdiction, then, of a court of equity may be invoked by an executor against his co-executor, "to settle the questions as to the fact of indebtedness of the latter, and as to the amount due from him to the estate," and "when the amount of such indebtedness is ascertained, the court may make such disposition of the fund as justice and equity may then require," the plaintiff's action to continue the former action is correctly brought. The original action was an equitable action, and, if revived, would still be of that character. The complaint therein alleged there was a certain amount due on the mortgage. The court may ascertain the amount, and, under the prayer in the old complaint for " such relief as may be equitable," may direct such disposition of the fund as justice and equity may then require. It by no means follows, as is contended, as a consequence of allowing the judgment of revivor to stand, that the defendant will be

bound to pass over to the hands of his co-executor the assets in his hands, so far as they consist of the amount due or unpaid on the mortgage, for the simple purpose of permitting his co-executor to administer the same. The defendant's position as executor is fully set out and stated in the complaint, to which he has appeared and demurred; and although he stands simply in the attitude of hostility to the estate and its interests, his character as executor is fully before the court, so that the court is placed in a position to take any action which may be necessary and proper in consequence of his relations to the estate. It is true, he is not named in the title of the cause in his representative capacity, but he is a party to the suit, and has an opportunity to defend. His representative capacity, as well as his individual character, is set forth in the body of the complaint, and every allegation thus made necessary to protect him in his representative character.

I am for an affirmance of the judgment of the Supreme Court.

SMITH, J. The original action having been instituted to foreclose a mortgage, and to compel payment of the mortgage debt, the cause of action survived and continued, notwithstanding the death of the plaintiff during the pendency of the suit, unless it was discharged by reason of the fact that the defendant, the mortgagor, was named an executor in the will of the mortgagee. It is provided by statute, in this State, that "the naming of any person executor in a will shall not operate as a discharge, or bequest, of any just claim which the testator had against such executor, but such claim shall be included among the credits and effects of the deceased, in the inventory, and such executor shall be liable for the same, as for so much money in his hands, at the time such debt or demand becomes due; and he shall apply and distribute the same in the payment of debts and legacies, and among the next of kin, as part of the personal estate of the deceased." (2 R. S., 84, § 13.) The cause of action, therefore, survived the death of the plaintiff, and the Supreme Court had power, under section 121 of the Code, to allow

the action to be continued " by the representatives" of the deceased plaintiff. As the cause of action, thus surviving, relates to the personal estate of the plaintiff, his proper representatives, in respect to it, are the executors named in his will; and it is insisted, on the part of the defendant, that although the circumstance that the mortgagor is one of the executors does not discharge the claim, it presents an insuperable difficulty in the way of maintaining an action to revive, inasmuch as the mortgagor cannot sue himself, nor be sued by his co-executor.

It is a familiar rule of the common law, that, owing to community of interest, no action lies by an executor or administrator against his co-representative, *at law.* (Broom on Parties, 105; Barb. on do., 67; 39 Barb. S. C., 482.)

But a different rule prevails in courts of equity. In *Smith* v. *Lawrence* (11 Paige, 206), Chancellor WALWORTH held that one of several executors was liable to account before the surrogate, on the application of his co-executors, as the executor of a will in which their testator was a legatee. After stating the rule of the law courts, he said: "A court of equity, however, from its peculiar mode of administering justice, can settle the questions as to the fact of indebtedness and as to the amount due from one of the executors to the estate of which both are trustees, whenever the decision of those questions becomes necessary, without changing the possession of the fund. And when the amount of such indebtedness is ascertained, the court may make such disposition of the fund as justice and equity shall then require." In *Wurts* v. *Jenkins* (11 Barb., 546), the Supreme Court in the third district, at General Term, held that an action may be maintained by executors against their co-executor, to compel him to pay a debt he owes the estate, and which is necessary to pay a sum decreed by the surrogate to be due from the estate to the plaintiffs for moneys paid by them on account of the estate. More than a hundred years ago, it was said by Lord Chancellor HARDWICKE, that where there are several executors, and one of them is indebted to the testator, for which he had given a security by way of mort-

gage on his estate, if the co-executors are apprehensive that he is insolvent, and that the estate may prove a deficient security, the other executors may bring a bill against him for sale of the estate, although a bill to foreclose would be improper, because the testator, having made him an executor, gives him an interest in the mortgage. (*Lucas* v. *Seale*, 2 Atk., 56.) These cases show that courts of equity will entertain an action by one executor against another, who is indebted to the estate, for such equitable relief as may be proper, and as the interests of the estate, or of creditors or legatees, may require.

The cases above cited relate to actions commenced originally by the co-executors. Every consideration by which they are supported applies with at least equal force to the present case, in which the co-executor seeks to revive a suit commenced by the *testator*, for the attainment of equitable relief, and in which the equities of the complaint are denied by the defendant's answer. The attitude of the defendant is one of hostility to the estate ; he does not admit the mortgage debt to be assets in his hands, but he disputes the claim. Under these circumstances, there can be no doubt as to the right, in equity, of the co-executor to revive the suit, in order to ascertain whether there is a debt, and if so, to determine its amount, and enforce the lien, subject to the directions of the court, as to the possession of the fund until it shall be paid out or distributed by the executors.

As the co-executor is made a defendant to the suit, and is brought in by actual service, it is not necessary that he be described as executor. Indeed, it may be questioned whether such description would have been proper, as the object of the suit is to revive an action in which relief was sought against him in his individual character only. If it is necessary to obtain leave of the court before commencing an action to continue, the fact of leave granted is not matter of pleading, and need not be stated in the complaint. If leave has not been obtained, the defendant's remedy is by motion.

The judgment should be affirmed.