ROBERT O. RIZER, *Adm'r, &c.,* v. J. H. GILLPATRICK, *Adm'r, &c.*

1. PARTIES; *Administrators; Refusal to Join as Plaintiff.* When an estate has a right of action, and one of the administrators refuses to join as plaintiff in bringing the suit, the other may, under § 37 of the code, bring the action, making his co-administrator a defendant, and giving in the petition the reason therefor.

2. ABATEMENT; *Subsequent Action.* A personal action will not be abated on motion of the defendant, because of a subsequent suit, although between the same parties, and upon the same cause of action. *A fortiori,* it will not when the parties and cause of action are both different.

*Error from Davis District Court.*

ALL the necessary facts in this case are stated in the opinion. *Gillpatrick,* plaintiff, had judgment at the May Term 1875, and *Rizer* brings the case here on error.

*McClure & Humphrey,* for plaintiff in error.

*J. H. Gillpatrick,* and *J. W. Taylor,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts of this case are briefly as follows: Gillpatrick and Rizer were the administrators of the estate of Samuel S. Caswell deceased, appointed in 1871. Rizer, into whose hands the funds of the estate seem to have passed, deposited them with the banking firm of James Streeter & Co., of which firm he was a member. When the three years for closing estates had passed, Gillpatrick desired to make a final settlement, draw out the funds from the bank, and pay them over to the heir. Rizer was unwilling. After some delay, Gillpatrick, as one of the administrators, brings this action against Streeter & Co. to recover from them the amount deposited, and makes his co-administrator a party defendant, alleging that he refused to join in any settlement of the estate, and to join in bringing this or any action to recover the funds.

Demurrers by Streeter & Co., and by the co-administrator, to the petition were overruled, and this is the first question presented. Subsequently the sole heir of the deceased brought an action against the two administrators and the surety on their official bond, alleging a final settlement had, since the commencement of the suit by Gillpatrick, a balance due on said settlement, and praying judgment for such balance. Upon this the defendants herein filed a motion setting up said proceedings, and asking a dismissal of this action. This motion was also overruled, and this is the only other question presented. The case then proceeded to judgment in favor of Gillpatrick. The judgment however directed that the amount found due from Streeter & Co. be paid to the clerk of the court, to be applied under its order to the satisfaction of the demand of the heir for the balance due from the estate.

Was there any error in these rulings? We think not. The learned counsel for plaintiff in error contend, that one administrator cannot sue his co-administrator, nor sue alone for a debt due the estate; that under the executors-and-administrators act, if one administrator neglects his duty, he can be removed by the probate court, and the remaining administrator can then proceed to close up the estate alone, and that this remedy is to the exclusion of any other. It is undoubtedly true, as a general proposition, that one administrator, there being more than one, cannot sue alone for a debt due the estate. There is a unity of interest which requires that all should join as plaintiffs. The debt is due to the estate, and neither partially nor wholly to either administrator. The estate, is the party in interest, and the legal representatives of that party must be the nominal plaintiffs. This is true in all cases where there is a unity of interest in several parties. The code so provides, (Gen. Stat. 636, § 37:) "Of the parties to the action, those who are united in interest must be joined as plaintiffs, or defendants." But it also provides for a contingency like the present, in which one of those united in interest refuses to join as plaintiff. The latter part

of the same section reads, "But if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition." Language could not be more apt for a case like the present. The time for closing an estate having arrived, one of the administrators desires to collect from the bank the money of the estate there deposited, make a final settlement, and pay over to the heir the balance found due. The bank refuses to pay, and the other administrator refuses to join in a suit to compel payment. It is exactly the condition named in the statute. This was allowable under the old practice in equitable actions. Now there is but one form of actions, and the language of the statute is general, applying to all actions. In Pomeroy on Remedies and Remedial Rights, a late work, and one which is the most philosophical treatise on the code yet published, and one of the few text-books among the many flooding the press and the profession to-day having permanent value, and destined to rank among the legal classics, on page 309, § 261, the author says: "It is not indispensable, however, that all the executors or administrators should be plaintiffs; for it is enough, in equity, if all the parties are before the court, so that one executor or administrator may sue as plaintiff, if he make his co-executor or co-administrator a defendant" — citing *Wilkins v. Fry*, 1 Meriv. 244, 262; *Blount v. Burrow*, 3 Bro. C. C. 90; *Dare v. Allen*, 1 Green Ch. 288. And again, on page 233, § 195, he adds, after quoting § 37, code of Kansas, and the like provision from other states: "Referring to these provisions, it is plain that their language is general, inclusive, without exception, and applying alike to all kinds and classes of actions." And further, " No exception being made, nor even suggested, the courts cannot, unless by an act of positive legislation, by an act of direct usurpation, create an exception, and say that these general terms were intended to apply to equitable suits alone, while legal actions were intended to be left outside of their scope and effect." See also *Decker v. Miller*, 2 Paige, 150; *Smith*

*v. Lawrence,* 11 Paige, 206; *M' Gregor v. M' Gregor,* 35 N. Y. 218. It is true, that Rizer had an equal right with Gill'patrick, pending the administration, to the possession and control of the funds, and under ordinary circumstances neither could maintain an action to recover these funds from the other. But here, the duty of closing the estate, and paying over the balance to the heir, existed. Rizer refused to discharge this duty. One step of the duty was the collection from the bank of the funds there deposited. The bank owed the estate so much. Both administrators should have united in collecting this debt. Rizer's refusal justified Gillpatrick in proceeding alone. That any remedy the one administrator might have by proceedings in the probate court does not exclude the jurisdiction of the district court in this case, seems clear. *Shoemaker v. Brown,* 10 Kas. 383.

Nor do we see upon what principle it can be held that this action is abated by the subsequent suit of the heir upon the bond. Payment to the heir might prevent a judgment for anything but the costs accrued prior to the payment. It *happens* in this case, that one of the bankers is surety on the administrator's bond, and therefore defendant in both suits. But that accidental fact cannot change the rule of law applicable to all cases of this kind. And to guard against any possible danger of the surety's being compelled to pay twice, through any misappropriation by the administrator, the court has provided in the judgment in this action that the money be paid to the clerk, to be applied under its own order in satisfaction of the claim of the heir. *M' Gregor v. M' Gregor,* 35 N. Y. 218. There is between the two cases no identity of parties, or in the cause of action; and if there were, the second would abate rather than the first. "The pendency of an action will make a second action, for the same cause, and in which the same judgment can be rendered, abatable; but not *vice versa." Buffin v. Tilton,* 17 Pick. 510; *Webster v. Randall,* 19 Pick. 13. A subsequent suit may be abated by an allegation of the pendency of a prior suit, but the converse of the proposition is, in personal actions, never true.

*Renner v. Marshall,* 1 Wheat. 215 ; Bacon's Abr., Tit. *Abatement, M.*

Upon the whole case we see no error, and the judgment will be affirmed.

All the Justices concurring.