Appeal by defendant Seacombe from an order which granted a motion under rule 103 of the Rules of Civil Practice to strike out paragraphs and separate defenses and partial defenses in an answer in an action for partition. Order modified on the law by striking from the ordering paragraph items 4, 18, 19, and the words “the whole thereof” in item 17, and substituting therefor: “subdivisions (a), (f), (g), and (h), and the last sentence of the paragraph”; and as so modified, the order is affirmed, without costs. The action is equitable in nature. (Hewlett v. Wood, 62 N. Y. 75.) Plaintiff has asked for an accounting by the defendant Seacombe, who is his cotenant and coexeeutrix of the estate of their mother, who devised the real property involved in the action to them. In accordance with section 1019 of the Civil Practice Act, he has joined the appealing defendant in her capacity as executrix. The accounting he seeks is, in part, at least, for her acts during the eighteen-month period when an executor can manage real property. She has pleaded matters as a seventh defense which do not constitute a defense to the action for partition. However, items (b), (c), (d) and (e) of that defense relate to the conduct of plaintiff with reference to the parcels sought to be partitioned and are not shown to he sham or clearly irrelevant. They should have been allowed to stand. The items in the prayer for relief which were eliminated by the order are neither denials nor defenses and were not subject to a motion under rule 103 of the Rules of Civil Practice. While said defendant is not entitled to an accounting by plaintiff for the matters not related to the parcels involved in the action,"it will be for the court to determine whether as to any of the items she, as executrix, has established a right to an accounting by plaintiff, so that before final judgment the court can determine what, if any, part of plaintiff’s share of the proceeds of any sale should he withheld from plaintiff. (Cf. Wood v. Brown, 34 N. Y. 337, 343, 344, 345, and McGregor v. McGregor, 35 N. Y. 218, 223, 224.) Paragraph 7 of the answer should also have been permitted to remain. Plaintiff does not allege that all of the property cannot be partitioned without prejudice to the parties. He alleges that “part” of the property cannot be partitioned. But he fails to state what part. Before he can have interlocutory judgment directing a sale, he will have to establish what part is not subject to actual partition. The indefinite form of the allegation of the complaint justified the denial of the paragraph by the defendant-appellant. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur,